IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,266-01






EX PARTE VENNETTA WASHINGTON 


 AKA BRANETTA SUE WASHINGTON, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1178636 IN THE 232ND DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault of a public
servant and sentenced to two years' imprisonment. She did not appeal her conviction. 

 Applicant contends that her plea was involuntary because she was mentally ill and only
fifteen at the time of her offense and plea, and therefore should have been in the juvenile system. 
Applicant has alleged facts that, if true, might entitle her to relief. 

 

 The trial court found that Applicant was born on April 23, 1993. This finding was based on
a birth certificate which has now been forwarded to this Court. However, this Court has concerns
regarding Applicant's counsel and the application of Tex. Code Crim. Proc. Art. 4.18. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 The trial court shall supplement the record with a copy of any documentation that would
have been available to trial counsel prior to Applicant's plea that might show her age, including
police offense reports, booking reports, jail records, and Child Protective Services reports.

 It appears that Applicant may be represented by trial counsel on this application. The trial
court shall make findings of fact regarding whether Applicant is represented by counsel, and if so,
who represents her. If the trial court finds that trial counsel represents Applicant on this application,
the court shall then make findings as to whether Applicant has consented to this representation. The
trial court shall also make a finding regarding why Applicant's age was not brought to the attention
of the trial court prior to her plea of guilty in this case.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


 

Filed: February 25, 2009

Do not publish